**Marlene MICHAELS**

v.

**HOLIDAY INNS, INC. et al.**

**C.A. No. G–89–166.**

United States District Court,
S.D. Texas,
Galveston Division.

July 31, 1989.

Robert D. Clements, Jr., Alvin, Tex., for plaintiff.

Vivian L. Gatewood, Beaumont, Tex., and Jim D. Hamilton, Houston, Tex., for defendants.

## ORDER

HUGH GIBSON, District Judge.

This action was originally filed in the 10th District Court of Galveston County, Texas. Plaintiff alleged that she was a business invitee on the defendants' property and that because of a defective condition in the property, she slipped, fell, and sustained serious injuries. Apparently the property was being managed by Guaranty Federal as a result of a foreclosure proceeding. In September 1988, Guaranty Federal was declared insolvent. FSLIC was appointed as its receiver and removed to this Court.

FSLIC now moves to dismiss on mootness grounds. While the Court would normally be inclined to grant such a motion, the plaintiff argues, and FSLIC does not refute, that the property was and is insured by American General. Since the presence of insurance provides the plaintiff with some prospect of recovery, the case cannot be considered moot. *See Ratner v. Sioux Natural Gas Corp.*, 770 F.2d 512, 516–17 (5th Cir.1985).[1]

It is, therefore, ORDERED, ADJUDGED, and DECREED that FSLIC's motion to dismiss is DENIED.

---

1. In *Ratner,* the plaintiffs obtained a $13,000,000 judgment. Defendants appealed. While on appeal, two defendants reached a settlement with the plaintiffs. The remaining defendants went into bankruptcy. The plaintiffs moved to dismiss the appeal on mootness grounds. The Fifth Circuit stated that because there was a possibility that the plaintiffs might still collect on the judgment, the defendants pending bankruptcy did not render the case moot. 770 F.2d at 516–17.

This case is analogous to *Ratner* because Guaranty Federal's insolvency is not the immediate issue. Guaranty Federal's insolvency does alter American General's duty to defend and indemnify Guaranty Federal up to the policy limits of the coverage provided. Insolvency only becomes an issue if the plaintiff's judgment exceeds Guaranty Federal's policy limits. At that point, FSLIC would have a valid argument that it had no obligation to pay the excess damages. Excess damages would make the plaintiff an unsecured general creditor of Guaranty Federal. If Guaranty Federal's assets were insufficient to pay its secured creditors and depositors, then likewise, there would be no assets in which to pay the plaintiff's excess damages.